UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOSIEL HERNANDEZ LLANES,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER,  US
ATTORNEY GENERAL,

      Respondents.

Case No. 2:26-cv-1030-KCD-DNF

## ORDER

Petitioner Yosiel Hernandez Llanes has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued imprisonment subverts the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 7.)

### I. Background

Llanes is a Cuban citizen who arrived at the U.S. border on July 11, 2022, was apprehended, issued a notice to appear, and released on his own

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

recognizance. (Doc. 7-1 at 1-6, 11.) But that reprieve ended on March 9, 2026, after Llanes was arrested for battery and ICE issued a warrant for his arrest. (*Id.* at 19.) On March 28, 2026, he was placed in immigration custody. (*Id.* at 20.) Llanes has remained in federal detention ever since, waiting on a final order of removal.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Llanes's habeas petition presses two substantive claims. First, his detention violates the INA because he is eligible for a bond hearing that the Government is withholding. (Doc. 1 at 7.) Second, his continued detention without a bond hearing violates the Fifth Amendment. (*Id.* at 8.)

**A. INA**

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288. So aliens falling under § 1225 are categorically not entitled to a bond hearing.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under §

1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Llanes, he is entitled to a bond hearing, and § 1226 is the vehicle through which he would obtain such relief. (Doc. 1 at 7.) But this argument runs headlong into the facts. Llanes was apprehended at the border. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Llanes spent time in the United States after being released—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))). "[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country." *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582,

4

at *3 (N.D. Ala. May 3, 2019); *see also Singh v. Noem*, No. CIV 25-1110 JB/KK, 2026 WL 146005, at *36 (D.N.M. Jan. 20, 2026).

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Llanes's continued detention without a bond hearing cannot be in violation of the INA.

**B. Due Process**

Even if Llanes's detention without a bond hearing is authorized by the INA, he argues it violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 8.) Not so. As this Court has already explained in detail, such a claim is not available for aliens held under § 1225. *See Lezcano v. Ripa*, No. 2:26-cv-766-KCD-DNF, 2026 WL 1004523, at *2-5 (M.D. Fla. Apr. 14, 2026). The reasoning from *Lezcano* is equally applicable here. *Id.*

One can certainly understand Llanes's frustration with his current position, waiting in a detention cell for months while his immigration case inches forward. Yet this Court cannot use judicial fiat to conjure a due process claim just to ease the wait. We are not staring down the barrel of indefinite detention—the constitutional danger the Supreme Court found so problematic in *Zadvydas*. Llanes's current custody has a clear statutory endpoint: it lasts only "until removal proceedings have concluded." *Jennings*, 583 U.S. at 299. And if he eventually receives a final order of removal only to

5

have his deportation stall, the doors of the courthouse will open for him to seek relief under *Zadvydas*. Because the existing framework comes with a built-in expiration date, there is no reason to engineer a constitutional workaround.

## IV. Conclusion

Llanes is legally situated at the border and subject to mandatory detention under 8 U.S.C. § 1225. Because that statute provides no right to a bond hearing, and the Due Process Clause does not step in to supply one for an arriving alien, his continued custody is lawful. Accordingly, Llanes's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on April 29, 2026.

Kyle C. Dudek
United States District Judge